Beth S. Rose, Esq.
Vincent Lodato, Esq.
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
Phone: (973) 643-7000
Facsimile: (973) 643-6500

*Attorneys for Defendants*
*Amazon.com, Inc., Amazon*
*Fulfillment Services, Inc., Amazon*
*Web Services, Inc., and Amazon Services, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CARMEN LEWIS and LANARD LEWIS,** wife and husband, | **Civil Action No:** _____ |
| **Plaintiffs,** | |
| **v.** | |
| **REEL HALO LLC, AMAZON.COM, INC., AMAZON FULFILLMENT SERVICES, INC., AMAZON WEB SERVICES, INC., AMAZON SERVICES, LLC, JOHN AND JANE DOES (1-10) and ABC CORPORATIONS (A-Z),** | |
| **Defendants.** | |

## NOTICE OF REMOVAL

Defendants Amazon.com, Inc., Amazon Fulfillment Services, Inc., Amazon Web Services, Inc., and Amazon Services, LLC (collectively "Amazon") give notice of the removal of this civil action from the New Jersey Superior Court, Camden County, Law Division, to the United States District Court for the District of New Jersey, Camden Vicinage pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Diversity jurisdiction exists because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

## I.    INTRODUCTION

This lawsuit involves claims that Plaintiff Carmen Lewis suffered chemical burns, permanent scarring, and other injuries due to her purchase and use of the Ariella Mole and Skin Tag Remover and Repair Lotion Set ("lotion").  The Complaint alleges that Defendant Reel Halo LLC manufactured, produced, designed, and distributed the lotion.  The Complaint further alleges that Ms. Lewis purchased the lotion on March 20, 2020 over Amazon's website.  On December 15, 2020, Plaintiffs filed this civil action captioned *Carmen and Lanard Lewis v. Reel Halo, LLC, et al.*, Docket No. CAM-L-4092-20 ("State Court Action") in the New Jersey Superior Court, Law Division, Camden County.  A copy of the Complaint is attached hereto as Exhibit A.

## II.    THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332 had Plaintiffs filed this action initially in federal court.  Plaintiffs are citizens of different states than Defendants Amazon and Reel Halo LLC, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    Complete diversity exists

Plaintiffs are residents of the State of New Jersey.  (Compl. ¶¶ 1 & 2).  Several of the defendants to this action are corporations. A corporation is a citizen of its state of incorporation and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Defendant Amazon.com, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business in Seattle, Washington.  (Compl. ¶ 6).  Defendant Amazon Web Services, Inc. is also a corporation organized under the laws of the state of Delaware with its principal place of business in Seattle, Washington.  (Compl. ¶ 12).  Defendant Amazon

Fulfillment Services, Inc. was a corporation incorporated under the laws of Delaware with its principal place of business in Washington. In 2018, it changed its name to Amazon.com Services, Inc.  Amazon.com Services, Inc. was recently converted to Amazon.com Services, LLC.  The sole member of Amazon.com Services LLC is Amazon.com Sales, Inc., a Delaware corporation with its principal place of business in Washington.  (January 14, 2021 Declaration of Vincent Lodato ("Lodato Dec.") ¶ 2).  Defendant Amazon Fulfillment Services, Inc. is therefore a citizen of Delaware and Washington.

The remaining two defendants are limited liability companies.  For diversity purposes, the citizenship of a limited liability company is evaluated differently than a corporation.  "[T]he citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).  As noted above, the sole member of Amazon.com Services LLC is Amazon.com Sales, Inc., a Delaware corporation with its principal place of business in Washington.  Defendant Reel Halo LLC is a limited liability company formed under the laws of the District of Columbia.  (Compl. ¶3).  Based on a search of the District of Columbia's Department of Consumer and Regulatory Affairs ("DCRA") website, an entity named Hatch Light LLC, organized under the laws of the District of Columbia, is the sole member of Reel Halo, LLC.  (Lodato Dec. ¶ 3& Ex. A).  "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Zambrelli*, 592 F.3d at 420. A further search of the DCRA website indicates that Hatch Light LLC is comprised of a single member, an individual named Whansoo Lee with an address in Washington, D.C.  (Lodato Dec. ¶ 4 & Ex. B).  Accordingly, upon information and belief, Reel Halo, LLC is a citizen of the District of Columbia for purposes of diversity jurisdiction.

Because Plaintiffs are citizens of different states from Defendants Amazon and Reel Halo, LLC, complete diversity exists.

**B.    The amount in controversy exceeds $75,000**

Under 28 U.S.C. 1446(c)(2)(B), removal is appropriate if the court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. In personal injury cases, where plaintiff has not averred a specific damages amount in the Complaint, the $75,000 jurisdictional amount is met unless it is a legal certainty that plaintiff cannot recover the jurisdictional minimum. *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007). Here, the Complaint alleges that the lotion was unsafe and defective and caused Ms. Lewis to sustain "catastrophic injuries," including "permanent scarring" and "chemical burns" to her neck, pain in her esophagus, difficulty swallowing, and other unspecified physical and emotional injuries. (Compl. ¶ 35). The Complaint further alleges that Plaintiffs have been forced to spend money for hospital, medical and rehabilitation care and medical equipment and supplies, and will continue to incur such costs in the future. (*Id.* at ¶¶ 35-36). Finally, the Complaint seeks loss of consortium damages on behalf of Mr. Lewis. (*Id.* at ¶¶ 48-50).

Although Plaintiffs' Complaint does not demand a specific dollar amount in damages, the preponderance of evidence demonstrates that the matter in controversy exceeds $75,000. Given the allegations in the Complaint that Plaintiff sustained "catastrophic injuries" and "permanent scarring", which may require ongoing medical treatment, it is not a legal certainty that Plaintiffs' recovery will not exceed $75,000. *See Morales v. Family Dollar, Inc.*, 2018 U.S. Dist. LEXIS 130030, at *8 (D.N.J. Aug. 2, 2018) (there is no legal certainty that plaintiff cannot recover the jurisdictional minimum where plaintiff alleges severe and permanent injuries); *Amadu v. Bradshaw*, 2016 U.S. Dist. LEXIS 89293, at *9-10 (D.N.J. July 11, 2016) (allegations in the

Complaint that the plaintiff sustained severe personal injuries which interfered with his daily activities and required ongoing medical treatment is sufficient to demonstrate that the amount in controversy is likely to exceed $75,000); *Dugan v. Acme Markets, Inc.*, 2016 U.S. Dist. LEXIS 6838, at *3 (D.N.J. Jan. 21, 2016) ("personal injury cases alleging severe and permanent injuries will be removable absent proof to a legal certainty that the amount in controversy cannot exceed $75,000.").  Because it cannot be said to a legal certainty that Plaintiffs' recovery will not exceed the jurisdictional minimum, removal is appropriate.

### III.    SERVICE OF COMPLAINT AND TIMELINESS OF REMOVAL

Amazon was served with the Summons and Complaint through its registered agent for service of process on December 22, 2020.  Upon information and belief, Reel Halo, LLC has not yet been served with the Summons and Complaint.  To date, Plaintiffs' counsel had not filed an Affidavit of Service in the New Jersey Superior Court indicating that Reel Halo, LLC was served with service of process.  *See* Lodato Dec., ¶ 5.  Because Reel Halo, LLC not been served, it "need not consent to removal."  *Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009).  This Notice of Removal is being filed within 30 days of Amazon being served with the Summons and Complaint.  Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

### IV.    VENUE OF REMOVED ACTION

¨The United States District Court for the District of New Jersey, Camden Vicinage is the United States District Court and vicinage embracing the New Jersey Superior Court, Camden County where this action was filed and is pending.  Therefore, venue is proper in the United States District Court for the District of New Jersey, Camden Vicinage under 28 U.S.C. § 1441(a).

## V.    NOTICE TO THE STATE COURT

A copy of this Notice of Removal is being contemporaneously served on all parties and filed with the New Jersey Superior Court, Law Division, Camden County, where this case was originally filed and is currently pending.

WHEREFORE, Defendant Amazon respectfully requests that this action be removed to the United States District Court for the District of New Jersey, Camden Vicinage and that no further proceedings be held in the New Jersey Superior Court, Law Division, Camden County.

Dated: January 14, 2021                          Respectfully submitted,

_s/ Vincent Lodato_
Beth S. Rose
Vincent Lodato
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
Telephone: (973)643-7000
Facsimile: (973)643-6500
brose@sillscummis.com
vlodato@sillscummis.com

_Attorneys for Defendants_
_Amazon.com, Inc., Amazon_
_Fulfillment Services, Inc., Amazon_
_Web Services, Inc., and Amazon Services,_
_LLC_

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2021, I caused a copy of Defendant Amazon's Notice

of Removal to be served via e-mail on the following counsel for Plaintiffs:

Robert N. Braker, Esq.
Matthew A. Grubman, Esq.
Saltz Mongeluzzi & Bendesky, P.C.
8000 Sagemore Drive, Suite 8303
Marlton, NJ 08053

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false I am subject to punishment.

*s/ Vincent Lodato*
VINCENT LODATO

Dated: January 14, 2021

# EXHIBIT A

**SALTZ MONGELUZZI & BENDESKY, P.C.**
ROBERT N. BRAKER/MATTHEW A. GRUBMAN
8000 Sagemore Drive                                    ATTORNEYS FOR
Suite 8303                                             PLAINTIFFS
Marlton, NJ 08053
(856) 751-8383

| | |
|---|---|
| **CARMEN LEWIS and LANARD LEWIS, w/h**<br>323 Shady Lane<br>Marlton, NJ 08053<br><br>Plaintiffs<br><br>v.<br><br>**REEL HALO LLC**<br>5335 Wisconsin Avenue<br>NW Ste 440<br>Washington, DC 20006<br><br>And<br><br>**AMAZON.COM, INC.**<br>410 Terry Avenue North<br>Seattle, WA 98109<br><br>And<br><br>**AMAZON FULFILLMENT SERVICES, INC.**<br>1200 12th Avenue South<br>Seattle, WA 98911<br><br>And<br><br>**AMAZON WEB SERVICES, INC.**<br>8329 West Sunset Road<br>Suite 220<br>Las Vegas, NV 89113<br><br>And<br><br>**AMAZON SERVICES, LLC**<br>8329 West Sunset Road<br>Suite 220<br>Las Vegas, NV 89133 | **SUPERIOR COURT OF NEW JERSEY**<br>**CAMDEN COUNTY- LAW DIVISION**<br><br>**DOCKET NO.**<br><br><br><br>**COMPLAINT and JURY TRIAL DEMANDED** |

And

**JOHN AND JANE DOES (1-10)**

And

**ABC CORPORATIONS (A-Z)**

Defendants

## COMPLAINT – CIVIL ACTION

Plaintiffs, Carmen Lewis and Lanard Lewis, w/h, by way of Complaint and Jury Demand say:

1.      Plaintiff, Carmen Lewis, is an adult individual residing at 323 Shady Lane, Marlton, NJ 08053.

2.      Plaintiff, Lanard Lewis, is an adult individual residing at 323 Shady Lane, Marlton, NJ 08053.

3.      Defendant, Reel Halo LLC (hereinafter referred to as "Reel") is a corporation or other business entity organized and existing under the laws of the District of Columbia, with its principal place of business located at 4335 Wisconsin Avenue, NW Ste 440, Washington, DC 20006.

4.      At all times relevant hereto, Defendant, Reel, acted by and through its respective agents, servants, workmen and employees, who were acting within the scope of their authority and employment.

2

5.      At all times relevant hereto, Defendant, Reel, purposely established significant contacts in New Jersey, and has carried out, and continues to carry out, substantial, continuous and systematic business activities in New Jersey, specifically Camden County.

6.      Defendant, Amazon.com, Inc., is a corporation organized and existing under the laws of Delaware, with a principal place of business located at 410 Terry Avenue North, Seattle, WA 98109.

7.      Defendant, Amazon.com, Inc., purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in New Jersey, and regularly conducts business in Camden County.

8.      At all relevant times hereto, Defendant, Amazon.com, Inc., was acting by and through its employees, servants, and agents, acting within the course and scope of their employment, service and agency.

9.      Defendant, Amazon Fulfillment Services, Inc., is a corporation organized and existing under the laws of Delaware, with a principal place of business located at 410 Terry Avenue North, Seattle, WA 98109.

10.      Defendant, Amazon Fulfillment Services, Inc., purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities New Jersey, and regularly conducts business in Camden County.

11.      At all times relevant hereto, Defendant, Amazon Fulfillment Services, Inc., was acting by and through its employees, servants, and agents, acting within the course and scope of their employment, service and agency.

12.     Defendant, Amazon Web Services, Inc., is a corporation organized and existing under the laws of Delaware, with a principal place of business located at1200 12th Avenue South, Seattle, WA 98144.

13.     Defendant, Amazon Web Services, Inc., purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in New Jersey, and regularly conducts business in Camden County.

14.     At all relevant times hereto, Defendant, Amazon Web Services, Inc., was acting by and through its employees, servants, and agents, acting within the course and scope of their employment, service and agency.

15.     Defendant, Amazon Services, LLC, is a limited liability company organized and existing under the laws of Delaware, with a principal place of business located at 8329 West Sunset Road Suite 220, Las Vegas, NV 89113.

16.     Defendant, Amazon Services, LLC, purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in New Jersey, and regularly conducts business in Camden County.

17.     At all times relevant hereto, Defendant, Amazon Services, LLC, was acting by and through its employees, servants, and agents, acting within the course and scope of their employment, service and agency.

18.     At all relevant times hereto, Defendants, Amazon.com, Inc., Amazon Fulfillment Services, Inc., Amazon Web Services Inc. and Amazon Services, LLC (collectively referred to, hereinafter, as "AMAZON"), were operating as the same corporate entity or in concert with each other by and through their officers, agents, and representatives.

19.     At all relevant times herein, AMAZON's officers, executives, directors, program administrators, senior management team and all other individuals and/or entities responsible for the establishment, oversight and operations of AMAZON's facilities and website and that were responsible for the hiring, training, supervision and retention of AMAZON's employees and/or staff working therein, were the agents, servants, employees and/or ostensible agents of AMAZON.

20.     Defendants John and Jane Does 1-10 and ABC Corporations A-Z, are in the business of creating, designing, manufacturing, distributing, selling, supplying, maintaining and/or modifying the Ariella Mole and Skin Tag Remover and Repair Lotion Set involved in Ms. Lewis' accident.

21.     Plaintiffs reserve the right the right to amend this Complaint and name said unknown individuals or entities as additional defendants pursuant to the Rules of Court.

## **FACTS**

22.     On or around March 20, 2020, Plaintiff, Carmen Lewis, properly applied the Ariella Mole and Skin Tag Remover and Repair Lotion to her neck, which resulted in her sustaining those serious and permanent injuries set forth hereinafter.

23.     Defendant, Reel and/or John and Jane Does 1-10 and ABC Corporations A-Z, manufactured, produced, designed and/or was otherwise responsible for creating and/or distributing the Ariella Mole and Skin Tag Remover and Repair Lotion Set.

24.     Defendants, Reel and AMAZON and/or John and Jane Does 1-10 and ABC Corporations A-Z, sold the Ariella Mole and Skin Tag Remover and Repair Lotion to Plaintiff, Carmen Lewis, through Amazon.

25.    Prior to March 20, 2020, Plaintiff, Carmen Lewis, purchased the Remover and Repair Lotion Cage online from Amazon.com.

26.    Defendant, AMAZON, processed Ms. Lewis' payment for the Ariella Mole and Skin Tag Remover and Repair Lotion.

27.    Upon information and belief, Defendants, Reel and/or AMAZON and/or John and Jane Does 1-10 and ABC Corporations A-Z,   received proceeds from the payment for the sale of the Ariella Mole and Skin Tag Remover and Repair Lotion to Plaintiff, Carmen Lewis.

28.    Upon information and belief, AMAZON designed, created and maintained a website permitting the electronic offering and sale of products by AMAZON to consumers.

29.    The Remover and Repair Lotion was delivered to Mr. and Mrs. Lewis address at 323 Shady Lane, Marlton, NJ 08053.

30.    Defendants, Reel and AMAZON and/or John and Jane Does 1-10 and ABC Corporations A-Z, knew or should have known that the Remover and Repair Lotion Set, was not safe for its intended use and could cause users of the product, such as Ms. Lewis, to sustain severe burns. .

31.    Despite knowing that the Skin Tag Remover and Repair Lotion Set could cause users of the product to sustain severe burns during the normal, foreseeable ordinary use by consumers, Defendants, Reel and AMAZON and/or John and Jane Does 1-10 and ABC Corporations A-Z, did nothing to cure these dangerous deficiencies and did nothing to protect the end user or consumer of the Skin Tag Remover and Repair Set.

32.    Despite knowing that the Skin Tag Remover and Repair Lotion Set could cause users of the product to sustain severe burns during the normal, foreseeable, ordinary use by consumers would cause severe and catastrophic injury, Defendants, Reel and AMAZON and/or

John and Jane Does 1-10 and ABC Corporations A-Z,  continued to market, sell and promote the defective and dangerous product.

33.     Defendants, Reel and AMAZON and/or John and Jane Does 1-10 and ABC Corporations A-Z, were on notice that Skin Tag Remover and Repair Set were severely burning consumers but made no changes whatsoever to the dangerous product.

34.     Defendants, Reel and AMAZON and/or John and Jane Does 1-10 and ABC Corporations A-Z, continued to manufacture, produce, design, market, sell and promote the defective and dangerous product despite the publicized history of severe burns to consumers.  .

35.     As a result of this accident, Ms. Lewis sustained catastrophic injuries, including but not limited to permanent scarring to her neck; chemical burns to her neck; she required burn management she has experienced pain to her esophagus; difficulty swallowing; mental and emotional pain and suffering; chronic physical pain, suffering and loss of life's pleasures, past, present and future; past, present and future; hospital, medical and rehabilitation expenses past, present and future, including medical equipment, supplies and other medical care and treatment; other psychological, psychiatric, and neurological injuries, the full extent of which is yet to be determined and some or all of which may be permanent in nature.

36.     As a direct and proximate result of the conduct of the Defendants, Reel and Amazon and/or John and Jane Does 1-10 and ABC Corporations A-Z, Plaintiff, Carmen Lewis, has in the past required, continues to require, and may in the future require, medical treatment and care, and has in the past, continues presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure her condition.

37.     As a direct and proximate result of the conduct of the Defendants, Plaintiff, Carmen Lewis, has in the past, and continues to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on her ability to engage in normal activities and pleasures of life, and other intangible losses.

38.     As a direct and proximate result of the conduct of the Defendants, Plaintiff, Carmen Lewis, has been prevented and will be prevented in the future from performing her usual duties, activities, occupations and avocations and has suffered a loss of earnings and a loss of earning capacity.

39.     Carmen Lewis did not do anything to cause or contribute to this accident.

40.     Defendants are strictly, jointly and severally liable for the injuries and damages alleged herein.

## COUNT I
## CARMEN LEWIS v. ALL DEFENDANTS
## <u>STRICT LIABILITY</u>

41.     Plaintiffs hereby incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

42.     Defendants, Reel, Amazon, John Does 1-10, Jane Does 1-10, and ABC Corporations A-Z, are in the business of creating, designing, manufacturing, distributing, selling, supplying, maintaining and/or modifying the Skin Tag Remover and Repair Lotion involved in Ms. Lewis' accident.

43.     Prior to March 20, 2020, Defendants, Reel, Amazon, John Does 1-10, Jane Does 1-10, and ABC Corporations A-Z, created, designed, manufactured, distributed, sold, supplied, maintained, and/or modified the Skin Tag Remover and Repair Lotion.

44.     The Skin Tag Remover and Repair Lotion were expected to, and did in fact reach users, such as Ms. Lewis, without substantial change in the condition in which it was created, designed, manufactured, distributed, sold and/or supplied.

45     At all relevant times hereto, the Skin Tag Remover and Repair Lotion were used and employed for the purpose for which it was designed and manufactured, and was used in a foreseeable manner.

46.     Defendants, by and through their agents, servants, workers, contractors, suppliers, distributors and employees, breached N.J.S.A. 2A: 58C-2, as follows:

a.      creating, designing, manufacturing, distributing, installing, selling and/or supplying a product, specifically the subject Skin Tag Remover and Repair Lotion,  that was unsafe and defective;

b.      creating, designing, manufacturing, distributing, installing, selling and/or supplying a product, specifically the subject the Skin Tag Remover an Repair Lotion, that was unreasonably dangerous;

c.      creating, designing, manufacturing, distributing, installing, selling and/or supplying a product, specifically the subject Skin Tag Remover and Repair Lotion., that was unsafe for all of its intended and foreseeable purposes and uses;

d.      creating, designing, manufacturing, distributing, installing, selling and/or supplying a product, specifically the subject the Skin Tag Remover and Repair Lotion, in a defective condition;

e.      creating, designing, manufacturing, distributing, installing, selling and/or supplying a product, specifically the subject Skin Tag Remover and Repair Lotion, that lacked all necessary safety features to protect users of said product;

f.      creating, designing, manufacturing, distributing, installing, selling and/or supplying a product, specifically the Skin Tag Remover and Repair Lotion, that was without adequate safeguards;

g.      creating, designing, manufacturing, distributing, installing, selling and/or supplying a product, specifically the subject the Skin Tag Remover and Repair Lotion, that was without adequate, necessary and/or proper warning;

h.      creating, designing, manufacturing, distributing, installing, selling and/or supplying a product, specifically the subject Skin Tag Remover and Repair Lotion, that could be designed more safely;

i.      failing to provide adequate instructions to users of this product regarding the use of this product, specifically the subject Skin Tag Remover and Repair Lotion;

j.      failing to provide users of this product with warnings, instructions and/or training regarding the proper use of this product, specifically the subject Skin Tag Remover and Repair Lotion;

k.      performing inadequate testing and/or repairs to the product;

l.      creating, designing, manufacturing, distributing, installing, selling and/or supplying a product, specifically the subject Skin Tag Remover and Repair Lotion, despite knowing that the product could cause severe burns during the normal, foreseeable and ordinary use by consumers;

m.      failing to fix the design of the product or otherwise make the product safe for use despite knowing that the Skin Tag Remover and Repair Lotion, could cause severe burns during the normal, foreseeable ordinary use by consumers, such as Plaintiff;

n.      negligence at law;

o.      failing to exercise reasonable care under all the circumstances;

p.      failing to follow the ANSI hierarchy of safe product design;

q.      warning against a known hazard without attempting to design out or guard against the hazard;

r.      ignoring notice from prior similar accidents and ignoring warnings of the dangers of Skin Tag Remover and Repair Lotion; and

    s.      being otherwise negligent, careless, and reckless as may appear from facts that may be determined during discovery or trial.

47.    As a direct and proximate result of the defective, dangerous, and unsafe condition of the subject Skin Tag Remover and Repair Lotion, Ms. Lewis suffered severe and catastrophic injuries, endured great pain and suffering, and will suffer from the results of this accident for the rest of her life.

WHEREFORE, Plaintiff, Carmen Lewis, claims of Defendants, Reel, Amazon.Com, Inc., Amazon Fulfillment Services, Inc., Amazon Web Services, Inc., Amazon Services, LLC, John and Jane Does 1-10, and ABC Corporations A-Z, jointly and severally, separate sums of monetary damages including but not limited to compensatory damages, and bring this action to recover the same.

### COUNT II
### LANARD LEWIS v. ALL DEFENDANTS
### LOSS OF CONSORTIUM/PER QUOD

48.    Plaintiff, Lanard Lewis, incorporates by reference all preceding paragraphs of this complaint, the same as if fully set forth hereinafter.

49    At all relevant times hereto, Plaintiff, Lanard Lewis, was the lawfully wedded husband of wife-plaintiff, Carmen Lewis.

50.    As a result of the injuries sustained by Carmen Lewis, husband-plaintiff, Lanard Lewis, has been and will continue to be deprived of the love, assistance, companionship, consortium and society of his wife, plaintiff, Carmen Lewis, all to his great loss and detriment.

WHEREFORE, Plaintiff, Lanard Lewis, claims of Defendants, Reel, Amazon.Com, Inc., Amazon Fulfillment Services, Inc., Amazon Web Services, Inc., Amazon Services, LLC, John and Jane Does 1-10, and ABC Corporations A-Z, jointly and severally, separate sums of monetary damages including but not limited to compensatory damage, and bring this action to recover the same.

Respectfully Submitted,

**SALTZ, MONGELUZZI & BENDESKY, P.C.**

BY:_____*/s/ Robert N. Braker*_____
         ROBERT N. BRAKER
         MATTHEW A. GRUBMAN

         *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to R.4:25-4, Robert N. Braker, Esquire and Matthew A. Grubman, Esquire, are hereby designated as plaintiffs' trial counsel in the aforementioned litigation on behalf of the law firm Saltz Mongeluzzi Barrett & Bendesky, P.C.

## DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES

The plaintiffs hereby request that defendants answer all questions in Uniform Interrogatories Form C and C (2) as found in Appendix II of the Rules governing the Courts of the State of New Jersey within the time provided in accordance with Rule 4:17-4, *et seq.* Plaintiffs further request that all parties supply copies of any and all answers to interrogatories which they have provided to other parties to this action. Please note that this is a continuing request.

## CERTIFICATION PURSUANT TO R. 4:5-1

I, Robert N. Braker, Esquire, hereby certify that the facts contained in the within matter are not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of my knowledge or belief.  Further, other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action. I also certify that the facts contained in the within matter are true and correct to the best of my knowledge and belief.  If any of the statements made by me are willfully false, I am subject to punishment.

Respectfully Submitted,

**SALTZ, MONGELUZZI & BENDESKY, P.C.**

BY:_____*/s/ Robert N. Braker*_____
　　　　ROBERT N. BRAKER
　　　　MATTHEW A. GRUBMAN
　　　　*Attorneys for Plaintiffs*

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-004092-20**

**Case Caption:** LEWIS CARMEN  VS REEL HALO LLC

**Case Initiation Date:** 12/15/2020

**Attorney Name:** ROBERT N BRAKER

**Firm Name:** SALTZ MONGELUZZI BARRETT & BENDESKY, PC

**Address:** 8000 SAGEMORE DR SUITE 8303 MARLTON NJ 08053

**Phone:** 8567518383

**Name of Party:** PLAINTIFF : Lewis, Carmen

**Name of Defendant's Primary Insurance Company** (if known): None

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Carmen Lewis?** NO

**Are sexual abuse claims alleged by: Lanard Lewis?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

<u>12/15/2020</u>
Dated

<u>/s/ ROBERT N BRAKER</u>
Signed