**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CARMEN LEWIS and LANARD LEWIS, w/h<br><br>v.<br><br>REEL HALO LLC, AMAZON.COM, INC., JOHN AND JANE DOES (1-10) AND ABC CORPORATIONS (A-Z) | Case No. 1:21-cv-00714 |

## PLAINTIFFS' AMENDED COMPLAINT

1. Plaintiff, Carmen Lewis, is an adult individual residing at 323 Shady Lane, Marlton, NJ 08053.

2. Plaintiff, Lanard Lewis, is an adult individual residing at 323 Shady Lane, Marlton, NJ 08053.

3. Defendant, Reel Halo LLC (hereinafter referred to as "Reel") is a corporation or other business entity organized and existing under the laws of the District of Columbia, with its principal place of business located at 4335 Wisconsin Avenue, NW Ste 440, Washington, DC 20006.

4. At all times relevant hereto, Defendant, Reel, acted by and through its respective agents, servants, workmen and employees, who were acting within the scope of their authority and employment.

5. At all times relevant hereto, Defendant, Reel, purposely established significant contacts in New Jersey, and has carried out, and continues to carry out, substantial, continuous and systematic business activities in New Jersey, specifically Camden County.

6. Defendant, Amazon.com, Inc., is a corporation organized and existing under the laws of Delaware, with a principal place of business located at 410 Terry Avenue North, Seattle, WA 98109.

7. Defendant, Amazon.com, Inc., purposely established significant contacts in Pennsylvania, has carried out, and continues to carry out, substantial, continuous, and systematic business activities in New Jersey, and regularly conducts business in Camden County.

8. At all relevant times hereto, Defendant, Amazon.com, Inc., was acting by and through its employees, servants, and agents, acting within the course and scope of their employment, service and agency.

9. At all relevant times hereto, Defendant, Amazon.com, Inc., (hereinafter AMAZON) was operating as the same corporate entity or in concert with each other by and through their officers, agents, and representatives.

10. At all relevant times herein, AMAZON's officers, executives, directors, program administrators, senior management team and all other individuals and/or entities responsible for the establishment, oversight and operations of AMAZON's facilities and website and that were responsible for the hiring, training, supervision and retention of AMAZON's employees and/or staff working therein, were the agents, servants, employees and/or ostensible agents of AMAZON.

11. Defendants John and Jane Does 1-10 and ABC Corporations A-Z, are in the business of creating, designing, manufacturing, distributing, selling, supplying, maintaining

and/or modifying the Ariella Mole and Skin Tag Remover and Repair Lotion Set involved in Ms. Lewis' accident.

12. Plaintiffs reserve the right the right to amend this Complaint and name said unknown individuals or entities as additional defendants pursuant to the Rules of Court.

## **FACTS**

13. On or around March 20, 2020, Plaintiff, Carmen Lewis, properly applied the Ariella Mole and Skin Tag Remover and Repair Lotion to her neck, which resulted in her sustaining those serious and permanent injuries set forth hereinafter.

14. Defendant, Reel and/or John and Jane Does 1-10 and ABC Corporations A-Z, manufactured, produced, designed and/or was otherwise responsible for creating and/or distributing the Ariella Mole and Skin Tag Remover and Repair Lotion Set.

15. Defendants, Reel and AMAZON and/or John and Jane Does 1-10 and ABC Corporations A-Z, sold the Ariella Mole and Skin Tag Remover and Repair Lotion to Plaintiff, Carmen Lewis, through Amazon.

16. Prior to March 20, 2020, Plaintiff, Carmen Lewis, purchased the Remover and Repair Lotion Cage online from Amazon.com.

17. Defendant, AMAZON, processed Ms. Lewis' payment for the Ariella Mole and Skin Tag Remover and Repair Lotion.

18. Upon information and belief, Defendants, Reel and/or AMAZON and/or John and Jane Does 1-10 and ABC Corporations A-Z, received proceeds from the payment for the sale of the Ariella Mole and Skin Tag Remover and Repair Lotion to Plaintiff, Carmen Lewis.

19. Upon information and belief, AMAZON designed, created and maintained a website permitting the electronic offering and sale of products by AMAZON to consumers.

20. The Remover and Repair Lotion was delivered to Mr. and Mrs. Lewis address at 323 Shady Lane, Marlton, NJ 08053.

21. Defendants, Reel and AMAZON and/or John and Jane Does 1-10 and ABC Corporations A-Z, knew or should have known that the Remover and Repair Lotion Set, was not safe for its intended use and could cause users of the product, such as Ms. Lewis, to sustain severe burns.

22. Despite knowing that the Skin Tag Remover and Repair Lotion Set could cause users of the product to sustain severe burns during the normal, foreseeable ordinary use by consumers, Defendants, Reel and AMAZON and/or John and Jane Does 1-10 and ABC Corporations A-Z, did nothing to cure these dangerous deficiencies and did nothing to protect the end user or consumer of the Skin Tag Remover and Repair Set.

23. Despite knowing that the Skin Tag Remover and Repair Lotion Set could cause users of the product to sustain severe burns during the normal, foreseeable, ordinary use by consumers would cause severe and catastrophic injury, Defendants, Reel and AMAZON and/or John and Jane Does 1-10 and ABC Corporations A-Z, continued to market, sell and promote the defective and dangerous product.

24. Defendants, Reel and AMAZON and/or John and Jane Does 1-10 and ABC Corporations A-Z, were on notice that Skin Tag Remover and Repair Set were severely burning consumers but made no changes whatsoever to the dangerous product.

25. Defendants, Reel and AMAZON and/or John and Jane Does 1-10 and ABC Corporations A-Z, continued to manufacture, produce, design, market, sell and promote the defective and dangerous product despite the publicized history of severe burns to consumers. .

26. As a result of this accident, Ms. Lewis sustained catastrophic injuries, including but not limited to permanent scarring to her neck; chemical burns to her neck; she required burn management she has experienced pain to her esophagus; difficulty swallowing; mental and emotional pain and suffering; chronic physical pain, suffering and loss of life's pleasures, past, present and future; past, present and future; hospital, medical and rehabilitation expenses past, present and future, including medical equipment, supplies and other medical care and treatment; other psychological, psychiatric, and neurological injuries, the full extent of which is yet to be determined and some or all of which may be permanent in nature.

27. As a direct and proximate result of the conduct of the Defendants, Reel and Amazon and/or John and Jane Does 1-10 and ABC Corporations A-Z, Plaintiff, Carmen Lewis, has in the past required, continues to require, and may in the future require, medical treatment and care, and has in the past, continues presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation in an attempt to alleviate and/or cure her condition.

28. As a direct and proximate result of the conduct of the Defendants, Plaintiff, Carmen Lewis, has in the past, and continues to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on her ability to engage in normal activities and pleasures of life, and other intangible losses.

29. As a direct and proximate result of the conduct of the Defendants, Plaintiff, Carmen Lewis, has been prevented and will be prevented in the future from performing her usual duties, activities, occupations and avocations and has suffered a loss of earnings and a loss of earning capacity.

30. Carmen Lewis did not do anything to cause or contribute to this accident.

31. Defendants are strictly, jointly and severally liable for the injuries and damages alleged herein.

## COUNT I
## CARMEN LEWIS v. ALL DEFENDANTS
## STRICT LIABILITY

32. Plaintiffs hereby incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

33. Defendants, Reel, Amazon, John Does 1-10, Jane Does 1-10, and ABC Corporations A-Z, are in the business of creating, designing, manufacturing, distributing, selling, supplying, maintaining and/or modifying the Skin Tag Remover and Repair Lotion involved in Ms. Lewis' accident.

34. Prior to March 20, 2020, Defendants, Reel, Amazon, John Does 1-10, Jane Does 1-10, and ABC Corporations A-Z, created, designed, manufactured, distributed, sold, supplied, maintained, and/or modified the Skin Tag Remover and Repair Lotion.

35. The Skin Tag Remover and Repair Lotion were expected to, and did in fact reach users, such as Ms. Lewis, without substantial change in the condition in which it was created, designed, manufactured, distributed, sold and/or supplied.

36    At all relevant times hereto, the Skin Tag Remover and Repair Lotion were used and employed for the purpose for which it was designed and manufactured, and was used in a foreseeable manner.

37.   Defendants, by and through their agents, servants, workers, contractors, suppliers, distributors and employees, breached N.J.S.A. 2A: 58C-2, as follows:

    a.  creating, designing, manufacturing, distributing, installing, selling and/or supplying a product, specifically the subject Skin Tag Remover and Repair Lotion, that was unsafe and defective;

    b.  creating, designing, manufacturing, distributing, installing, selling and/or supplying a product, specifically the subject the Skin Tag Remover an Repair Lotion, that was unreasonably dangerous;

    c.  creating, designing, manufacturing, distributing, installing, selling and/or supplying a product, specifically the subject Skin Tag Remover and Repair Lotion., that was unsafe for all of its intended and foreseeable purposes and uses;

    d.  creating, designing, manufacturing, distributing, installing, selling and/or supplying a product, specifically the subject the Skin Tag Remover and Repair Lotion, in a defective condition;

    e.  creating, designing, manufacturing, distributing, installing, selling and/or supplying a product, specifically the subject Skin Tag Remover and Repair Lotion, that lacked all necessary safety features to protect users of said product;

    f.  creating, designing, manufacturing, distributing, installing, selling and/or supplying a product, specifically the Skin Tag Remover and Repair Lotion, that was without adequate safeguards;

    g.  creating, designing, manufacturing, distributing, installing, selling and/or supplying a product, specifically the subject the Skin Tag Remover and Repair Lotion, that was without adequate, necessary and/or proper warning;

    h.  creating, designing, manufacturing, distributing, installing, selling and/or supplying a product, specifically the subject Skin Tag Remover and Repair Lotion, that could be designed more safely;

      i. failing to provide adequate instructions to users of this product regarding the use of this product, specifically the subject Skin Tag Remover and Repair Lotion;

      j. failing to provide users of this product with warnings, instructions and/or training regarding the proper use of this product, specifically the subject Skin Tag Remover and Repair Lotion;

      k. performing inadequate testing and/or repairs to the product;

      l. creating, designing, manufacturing, distributing, installing, selling and/or supplying a product, specifically the subject Skin Tag Remover and Repair Lotion, despite knowing that the product could cause severe burns during the normal, foreseeable and ordinary use by consumers;

      m. failing to fix the design of the product or otherwise make the product safe for use despite knowing that the Skin Tag Remover and Repair Lotion, could cause severe burns during the normal, foreseeable ordinary use by consumers, such as Plaintiff;

      n. negligence at law;

      o. failing to exercise reasonable care under all the circumstances;

      p. failing to follow the ANSI hierarchy of safe product design;

      q. warning against a known hazard without attempting to design out or guard against the hazard;

      r. ignoring notice from prior similar accidents and ignoring warnings of the dangers of Skin Tag Remover and Repair Lotion; and

      s. being otherwise negligent, careless, and reckless as may appear from facts that may be determined during discovery or trial.

38. As a direct and proximate result of the defective, dangerous, and unsafe condition of the subject Skin Tag Remover and Repair Lotion, Ms. Lewis suffered severe and catastrophic injuries, endured great pain and suffering, and will suffer from the results of this accident for the rest of her life.

WHEREFORE, Plaintiff, Carmen Lewis, claims of Defendants, Reel, Amazon.Com, Inc., John and Jane Does 1-10, and ABC Corporations A-Z, jointly and severally, separate sums of monetary damages including but not limited to compensatory damages, and bring this action to recover the same.

### COUNT II
### LANARD LEWIS v. ALL DEFENDANTS
### LOSS OF CONSORTIUM/PER QUOD

39. Plaintiff, Lanard Lewis, incorporates by reference all preceding paragraphs of this complaint, the same as if fully set forth hereinafter.

40 At all relevant times hereto, Plaintiff, Lanard Lewis, was the lawfully wedded husband of wife-plaintiff, Carmen Lewis.

41. As a result of the injuries sustained by Carmen Lewis, husband-plaintiff, Lanard Lewis, has been and will continue to be deprived of the love, assistance, companionship, consortium and society of his wife, plaintiff, Carmen Lewis, all to his great loss and detriment.

WHEREFORE, Plaintiff, Lanard Lewis, claims of Defendants, Reel, Amazon.Com, Inc., John and Jane Does 1-10, and ABC Corporations A-Z, jointly and severally, separate sums of monetary damages including but not limited to compensatory damage, and bring this action to recover the same.

SALTZ, MONGELUZZI & BENDESKY P.C.

BY: *Robert N. Braker/s/*
_____
ROBERT N. BRAKER, ESQUIRE
MATTHEW A. GRUBMAN, ESQUIRE
Saltz Mongeluzzi & Bendesky P.C.
8000 Sagemore Drive
Suite 8303
Marlton, NJ 08053
856-751-8383
rbraker@smbb.com
mgrubman@smbb.com
Attorneys for Plaintiffs