[Doc. No. 18]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| **CARMEN LEWIS and LANARD LEWIS, w/h,**<br><br>　　　　　　　　**Plaintiffs,**<br><br>　　v.<br><br>**REEL HALO LLC, AMAZON.COM, INC., JOHN AND JANE DOES (1-10) AND ABC CORPORATIONS (A-Z),**<br><br>　　　　　　　　**Defendants.** | **Civil No. 21-00714 (RMB/MJS)** |

**O P I N I O N  &  O R D E R**

**Introduction**

　　This matter is before the Court on plaintiffs' motion to permit alternative service of the amended complaint upon defendant REEL HALO, LLC ("Reel"). See Doc. No. 18 (the "Motion"). Plaintiffs seek leave to serve defendant Reel with plaintiffs' Amended Complaint by certified mail/regular mail/return receipt requested at 4335 Wisconsin Avenue, NW Ste 440, Washington, DC 20006. Id. Plaintiffs aver that defendant Reel's current address is 4335 Wisconsin Avenue, NW Ste 440, Washington, DC 20006 (Motion ¶ 8) and submit a certification setting forth the efforts to date to effect service. Id. No response was filed to plaintiffs'

1

Motion by the answering defendant and cross-claimant, Amazon.Com, Inc. ("Amazon"). On June 14, 2021, the Court conferenced with the parties – plaintiffs and Amazon - and denied the motion as unnecessary under the governing rules. See Doc. No. 21. This Opinion & Order provides further detail and supplements the Court's ruling at the conference, which was on the record.

**Discussion**

Plaintiffs Carmen Lewis and Lanard Lewis have filed an amended complaint seeking damages from defendants Reel and Amazon. See Doc. No. 13. In the amended complaint, plaintiffs allege Carmen Lewis sustained injuries as a result of using a skin product, which was purportedly purchased online from Amazon and manufactured by Reel. Id. at ¶¶ 14, 16. While defendant Amazon has been served and entered an appearance, the plaintiffs have been unsuccessful in their efforts to effectuate service upon defendant Reel. Based on the record before the Court, defendant Reel is an out-of-state corporate defendant based in Washington, D.C. Counsel for plaintiffs confirmed during the conference call with the court on June 14, 2021 that his efforts, undertaken as of that date, have revealed no indication that this company has any presence in New Jersey. Notably, plaintiffs retained a third-party investigative

service, who confirmed this, as documented in plaintiffs' counsel's certification.[1] See Doc. No. 18, ¶8, Exhibit C.

FED. R. CIV. P. 4(h) governs service upon a corporation located in a judicial district of the United States and requires that the corporation be served either "in the manner prescribed by Rule 4(e)(1), [which allows a party to follow state law for serving a summons in an action brought in the state court of the district in which the federal court is located] or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant."

The term "delivery" as used in Rule 4(h)(1) does not appear to include service by mail. See Travelodge Hotels, Inc. v. Vijay Investments, LLC., Civ. No. 07-4033, 2007 WL 4557641, *1 (D.N.J. 2007); Signs by Tomorrow-USA, Inc. v. G.W. Engel Co., Inc., Civ. No. 05-4353, 2006 WL 2224416, *3 (D.N.J.2006)(citing Shomide v. ILC Dover LP, Civ. No. 03-1019, 2006 WL 2042969, at *4 (D.Del. July 20, 2006) (finding that plaintiff's service by certified mail did not satisfy the requirements of Federal Rule 4(h)); Spears v. Kroger Co., Civ. No. 05-2832, 2006 WL 2044986, at *2 (N.D.Ohio

---

[1] Plaintiffs' motion consists of a certification or affidavit made under oath of the efforts taken to effect service on defendant Reel.

3

July 19, 2006) (noting that the term "delivery" in Federal Rule 4(h)(1) does not include service by mail); Mettle v. First Union Nat'l Bank, 279 F.Supp.2d 598 (D.N.J.2003) (finding that service by certified mail alone is insufficient to effectuate service in accordance with Federal Rule 4(h)). In any event, it is undisputed that plaintiffs have been unable to effectuate "delivery."

Accordingly, plaintiffs appear to be seeking to proceed under the alternate method incorporated into Rule 4(h). Rule 4(h)(1) provides that service upon a corporation may be made "in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) serving an individual[.]" FED. R. CIV. P. 4(h)(1). Rule 4(e)(1) states that service may be made "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" FED. R. CIV. P. 4(e)(1). Here, the Court's analysis is based on the state law "where the district court is located," New Jersey.

"[S]ervice upon a corporation may be made in accordance with the New Jersey Rules of Court relating to service of process." Travelodge Hotels, Inc., 2007 WL 4557641 at *1 (citing Signs by Tomorrow-USA, Inc., 2006 WL 2224416 at *3). The New Jersey Rules of Court provide for service upon a corporation outside of the state by mail, "[i]f it appears by affidavit . . . that despite

4

diligent effort and inquiry personal service cannot be made . . . " N.J. Ct. R. 4:4-4(b)(1)(addressing service upon persons and entities located outside of New Jersey); Travelodge Hotels, Inc., 2007 WL 4557641 at *1 (citing Mettle, 279 F.Supp.2d at 602-03).[2]

Rule 4:4-4(b)(1) states that "[i]f it appears by affidavit satisfying the requirements of R. 4:4-5(b) that despite diligent effort and inquiry personal service cannot be made in accordance with paragraph (a) of this rule... [service may take place by] mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, and simultaneously, by ordinary mail to . . . a corporation . . . that is subject to suit under a recognized name, addressed to a registered agent for service or to its principal place of business or to its registered

---

[2] New Jersey Court Rule 4:4-4(a)(6) provides that "[t]he primary method of obtaining in personam jurisdiction over a defendant in [New Jersey] is by causing the summons and complaint to be personally served within [New Jersey]" by serving "any officer, director, trustee, managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in [New Jersey] in charge thereof, or if there is no place of business in [New Jersey], then on any employee of the corporation within [New Jersey] acting in the discharge of his or her duties . . . " N.J. Ct. R. 4:4-4(a)(6); see also Mettle, 279 F.Supp.2d at 602-03 (noting that personal service is required for a New Jersey corporation but service upon an out of state corporation via mail may be appropriate).

office." N.J. Ct. R. 4:4-4(b)(1)(C); <u>Travelodge Hotels, Inc.</u>, 2007 WL 4557641, at *2.[3]

Additionally, service under Rule 4:4-4(b)(1) does not require a Court Order. Pursuant to Rule 4:4-4(b)(3), a Court Order is only required if: (1) service cannot be made by one of the modes listed in Rule 4:4-4; (2) such court ordered method for service is "consistent with due process of law"; and (3) the movant files an affidavit under Rule 4:4-5, which sets forth that the requisite diligent effort has been made.[4] See <u>Travelodge Hotels, Inc.</u>, 2007 WL 4557641, at *2.

---

[3] Diligent effort can be demonstrated by an affidavit that satisfies Rule 4:4-5(b). As one judge explained, [a]s a precondition to service by mail, Rule 4:4-4(b)(1)(C) requires the preparation of an affidavit of inquiry. See <u>Kramer v. Monogram Models, Inc.</u>, 700 F.Supp. 1348, 1355 (D.N.J. 1988), rev'd on other grounds <u>sub nom</u>. <u>Palestri v. Monogram Models, Inc.</u>, 875 F.2d 66 (3d Cir. 1989); <u>see also</u> <u>Sobel v. Long Island Entertainment Prods., Inc.</u>, 329 N.J. Super. 285, 291 (App. Div.2000) ("a prerequisite for serving a defendant outside the State is an "affidavit satisfying the requirements of R. 4:4-5(c)(2) that despite diligent effort and inquiry personal service" cannot be effected within the State."). Failing to comply with Rule 4:4-4(b)(1)(C) means that service was not proper. See <u>Driscoll v. Burlington-Bristol Bridge Co.</u>, 8 N.J. 433, 493 (N.J. 1952) ("The requirements of the rules with respect to service of process go to the jurisdiction of the court and must be strictly complied with."). Rule 4:4-7, on the other hand, governs the filing of an affidavit of inquiry and provides that such an affidavit must be filed with the proof of service.

<u>Travelodge Hotels Inc.</u>, 2007 WL 4557641, at *FN 3 (citing <u>Ingersoll-Rand Co. v. Barnett</u>, Civ. No. 05-1636, 2005 WL 2175461, *3, 5 (D.N.J.2005)).

[4] Rule 4:4-5(b) states:

6

Accordingly, if plaintiffs follow the above prescribed rules, then the service they seek may be made without prior approval of the Court. The Court further notes that while it does not appear that the rules require a submission of an affidavit consistent with R. 4:4-5(b) to the Court in advance of effecting service[5] – Rule 4:4-7 governs the return of service – plaintiffs have provided a certification under oath here further documenting their good faith efforts.[6]

---

The inquiry required by this rule shall . . . be made of any person who the inquirer has reason to believe possesses knowledge or information as to the defendant's residence or address or the matter inquired of; the inquiry shall be undertaken in person or by letter enclosing sufficient postage for the return of an answer; and the inquirer shall state that an action has been or is about to be commenced against the person inquired for, and that the object of the inquiry is to give notice of the action in order that the person may appear and defend it. The affidavit of inquiry shall be made by the inquirer fully specifying the inquiry made, of what persons and in what manner, so that by the facts stated therein it may appear that diligent inquiry has been made for the purpose of effecting actual notice.

N.J. Ct. R. 4:4–5(b).

[5] "[T]he highest state court to address the meaning of that rule has held that '[n]othing in the language of Rule 4:4–5 requires that an affidavit of diligent inquiry be filed with the court prior to service' by an alternate means." Germinario v. RAM Payment, L.L.C., No. 1:19-CV-15164-NLH-JS, 2020 WL 1910335, at *5 (D.N.J. Apr. 20, 2020) (citing Deutsche Bank National Trust Company v. Choi, 2017 WL 3648544, at *3 (N.J. Super. Ct. App. Div. 2017)).

[6] Counsel has submitted a signed certification or affidavit as part of his motion (Doc. No. 18 at pages 2-6) detailing the efforts set forth therein to ascertain a location for defendant Reel. Counsel provided detail in his affidavit, hired a third-

Therefore, for all the reasons set forth herein, the Court finds, pursuant to Rule 4:4-4(b)(3), that there is no need for a Court Order to permit the plaintiffs to serve the defendant through alternative means of service at 4335 Wisconsin Avenue, NW Ste 440, Washington, DC 20006 via certified mail with return receipt requested and regular mail.

**ORDER**

It is therefore **ORDERED** that the motion for an order permitting alternative service [Doc. No. 18] is **DENIED** as unnecessary under N.J. Rules 4:4-4(b)(1)(C) and 4:4-4(b)(3). Service shall be effectuated no later than **July 30, 2021** consistent with the rules that provide for service of a corporate defendant by registered or certified mail, return receipt requested, and simultaneously, by ordinary mail if the prerequisites of R. 4:4-

---

party investigator, and noted in the affidavit that "Plaintiffs have been unable to serve defendant." According to counsel, a search by the investigative service retained by plaintiffs only revealed a Washington D.C. address for defendant Reel. See Doc. No. 18, Exhibit C. Counsel clarified on the June 14, 2021 call with the court, when further asked about personal service in the District of Columbia, that "we have attempted to do that" and "they won't open the door." There is no indication that despite counsel's efforts that any specific agent or person can even be identified to be associated with this corporation here in New Jersey. However, while the Court has reviewed the certification or affidavit, which was provided as part of his submission and contains detail concerning the plaintiffs' efforts, it is the responsibility of the plaintiffs to ensure any affidavit complies with the rules before effecting service under R. 4:4-4(b)(1).

4(b) are met, if the plaintiffs seeks to proceed in this manner. Plaintiffs do not need prior approval of the court. The Court shall hold a conference with all parties on **August 18, 2021 at 2:00 p.m.** A separate order with the details for the conference call-in line will be entered on the docket. In the event that defendant Reel has still not been served or entered an appearance, then the Court would intend to set scheduling deadlines at that time.

                                        s/ Matthew J. Skahill
                                        MATTHEW J. SKAHILL
                                        United States Magistrate Judge

Date: July 2, 2021
At: Camden, New Jersey